**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Harold C. Deyerler and Wilma J. Deyerler,

    Plaintiffs,

        v.

Auto Clutch / All Brake, et. al.,

    Defendants.

Case No. 08 CV 5362
Judge Bucklo
Magistrate Judge Brown

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY REMAND

In support of its motion for summary remand, plaintiffs, Harold and Wilma Deyerler state as follows:

### Removal Standards

The Supreme Court holds that the removal provisions of the Code of Civil Procedure should be strictly construed against removal. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 198-09 (1941); see also *Grzetich v. VLI Corp.*, 670 F.Supp. 793, 794 (N.D. Ill. 1987) (identifying a "trent to limit removal jurisdiction" and "the axiom that the removal statutes are to be strictly construed against removal"). The party moving for removal bears the burden of demonstrating that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubts about the propriety of removal requires remand. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976) ("It is well established that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance").

### This Court Should Remand the Cause to the Circuit Court of Cook County because an Illinois Citizen Defendant Remains a Party in the Litigation

Defendant Auto Clutch remains a party to this litigation. Since Auto Clutch is a party in interest from the state in which the action is brought, removal cannot lie under section 1441(b). 28 U.S.C. § 1441(b) (2008).

Defendant Georgia Pacific attempts to remove Auto Clutch from consideration in the diversity equation by labeling it a "nominal party." GP claims Auto Clutch merits this status because it settled with the Deyerlers. But, the facts belie its contention. There was never a settlement.

An attorney has no power to bind a client to a settlement agreement without express authority from that client. See *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979) ("An attorney may not consent to a final disposition of his client's case without express authority *** a judgment entered upon an agreement by the attorney may be set aside on affirmative proof tha tthe attorney had no right to consent to its entry"); *First National Bank of LaGrange v. Lowery*, 375 Ill.App.3d 181, 190, 198 (2007) (approving a law professor's following explanation of the client's control over settlement: "a client must always remain ultimately responsible for accepting or rejecting a settlement offer. *** [W]hile a client can give an attorney a settlement instruction to accept an offer within a certain range and reject anything outside o f that range, the client cannot give the attorney the authority to substitute the attorney's judgment for the client's"). In fact, an attorney entering a settlement without express authority from the client breaches the Rules of Professional Conduct. See R.P.C. 1.2 ("A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter").

-2-

Here, the evidence shows that Wilma Deyerler rejected Auto Clutch's proposed amount of settlement money. *W. Deyerler aff.* ¶ 7 (attached as Ex. A). Based on that rejection, Auto Clutch remains a local party in interest to this lawsuit, so that there can be no removal under 1441(b). Defendant presents no evidence to undermine the necessary conclusion that there was no settlement. Defendant does not and cannot show that plaintiffs' counsel had authority to bind the Deyerler's to any settlement agreement based solely on Auto Clutch's provision of a certain cash sum. In fact, Mr. McCoy explicitly denies ever receiving such authority. *R. McCoy Aff.* ¶ 28 (attached as Ex. B).

Moreover, any contrary determination, *i.e.* that there was a settlement under these facts, can only be determined in a hearing in the circuit court, the court kept apprised of the parties movements toward resolving the case up to this point. See *Schrempp v. Rocky Mtn. Holding Co., LLC*, No. 4:06CV3197 2007 WL 570406 at *13 (D. Neb. Feb. 14, 2007) ("A determination about whether the settlement is final and binding is fact driven"). Further, resolution of Auto Clutch's motion for a good faith finding by the circuit court, required to block future claims of contribution (see *Johnson v. United Airlines*, 203 Ill.2d 121, 128 (2003) (""The 'good faith' of a settlement is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor")) filed under the mistaken belief that a settlement was in place, but not yet set for hearing, will extend beyond 1446's 30 year deadline. See *Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133 (N.D. Cal. 2005) (remanding where it was "undisputed that [the state court] has not approved the applications for good faith settlement. As such, the settlements as to those Plaintiffs are neither final nor binding on the parties"). Based on Wilma's rejection of the settlement offer, Auto

-3-

Clutch's motion will be contested by plaintiffs. *S. Gutierrez Aff.* ¶¶ 10-12 (attached as Ex. C).

## Alternatively, Even if Terms Had Been Reached, as a Matter of Law, the Necessary Dismissal of Auto Clutch Did Not Take Place

Numerous courts recognize that a formal dismissal is necessary for a settlement to

become binding so that the residence or citizenship of the settling party is removed from the

removal equation. See *Mertan v. E.R. Squbb & Sons, Inc.*, 581 F.Supp. 751 (D.C. Cal. 1980);

*Roberts v. A.W. Chesterton Co.*, No. C 08-1338 JL 2008 WL 782569 (N.D. Cal March 24, 2008);

*Schrempp,* No. 4:06CV3197 2007 WL 570406 (D. Neb. Feb. 14, 2007); *Manske v. Rocky Mtn.*

*Holding Co., LLC,* No. 4:06CV3198 2007 WL 119165 (D. Neb. Jan. 9, 2007) ("the letter written

by counsel for the plaintiffs in this case does not equate to a joint motion for dismissal. Although

it appears the plaintiffs may have been in the process of settling their claims against [defendants],

the *** letter does not rise to the level of a clear intent constituting a voluntary abandonment by

the plaintiffs of the action as to these defendants"); see also *Russaw v. Voayger Life Ins. Co.*, 921

F.Supp. 723, 724 (M.D. Ala. 1996) ("this court remanded this lawsuit again, holding that,

although Russaw entered into a settlement with two non-diversity defdnats, the settelemtn was

not 'final enough to support removal' "). Like in *Manske*, so too here, plaintiffs were only in the

process of settling their claims. Even if the Deyerlers agreed to the amount of compensation, or

agreed to give Mr. McCoy authority to agree to a certain sum, which they did not, regarding the

remaining, necessary settlement terms, there was no meeting of the minds between the Deyerlers

and Auto Clutch. While Auto Clutch informed Mr. McCoy that it would pay a certain sum (*R.*

*McCoy Aff.* ¶ 10), it never responded to his inquiry as to what the other terms would be (*R.*

McCoy Aff. ¶ 11). Based on his extensive experience in settling asbestos claims, Mr. McCoy

explains that the remaining settlement terms are equally important as agreement on the amount of monetary compensation. R. McCoy Aff. ¶¶ 8, 12-13. Mr. McCoy and Auto Clutch conditioned the completion of any settlement on the receipt and return of an executed release. Therefore, this court should require an order dismissing Auto Clutch to remove it from the diversity equation, or at least a joint motion between plaintiffs and Auto Clutch for dismissal. Since neither is present in this case, in fact, Auto Clutch's unilateral motion for dismissal will be contested, this court should recognize that the non-diverse party of Auto Clutch remains and remand to the Circuit Court of Cook County.

### GP & UCC's Attempt at Removal on the Eve of Trial is in Bad Faith and Undercuts the Purpose of Section 1446

In enacting the time limit for removal in section 1446, Congress addressed its concern that defendants would attempt to remove cases from state courts after "substantial progress" had been made in the state proceedings. See *Russaw*, 921 F.Supp at 725. In particular, the House Report on the Judicial Improvements and Access to Justice Act, making modifications to 1446, addressed the specific situation GP & UCC attempt to create in this case: "Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption." *Russaw*, 921 F.Supp. at 725.

Here, since February 5, 2008, there had been a trial date set for this month. The case has been fully worked-up in the state court for trial. GP and UCC took part in a hearing on September 16 in the circuit court wherein, at their urging, the court agreed to extend the trial date in the circuit court to September 30. UCC requested the extension in order to present an

otherwise untimely filed motion for summary judgment and also sought leave at that time to name an additional expert witness. One day later, UCC provided notice of that expert's deposition to plaintiffs' counsel for September 22. Throughout this time, both GP and UCC knew of the settlement discussions between Auto Clutch and plaintiffs' counsel. Yet now, for no reason they will openly express, GP and UCC seek to remove the cause to this court.

In fact, other than for delay, there is no reason for GP and UCC to desire a federal forum. See *Russaw*, 921 F.Supp at 725 ("Congress intended that administrative expediency in allowing a case to proceed to trial in state court should outweigh the necessity of access to diversity jurisdiction. The need for hearing the case in federal court is less compelling in a diversity case because state law forms the basis for the claims"). But, in this case, delay is paramount for GP and UCC, and their delay strategy is invidious. Harold Deyerler suffers from terminal mesothelioma. In particular, as of late, his health is in decline. *R. McCoy Aff.* ¶ 7; *S. Gutierrez Aff.* ¶ 9. GP and UCC presently face counts providing for punitive damages. Under Illinois law, however, those damages are only available while Harold survives. Should Harold die before trial, perhaps as a result of delay from starting the case anew in federal court, GP and UCC will reap a windfall. Thus, GP & UCC attempt to abuse, rather than use, the removal procedure, conduct this court should not countenance. See *Mertans*, 581 F.Supp. At 753 (imposing costs on defense counsel where his attempts at removal had "been carried on in transparent bad faith, vexatiously, wantonly and for obviously oppressive reasons").

### Conclusion

The motion to remand should be granted and costs awarded to plaintiffs.

Dated: September 19, 2008

Respectfully submitted,

Attorney for plaintiff

Robert G. McCoy
Andrew S. Pigott
Salvador Gutierrez
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave
Chicago IL 60607
312-944-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Harold C. Deyerler and Wilma J. Deyerler,

      Plaintiffs,

          v.

Arvin Meritor, Inc.,

      Defendants.

Case No. 08 CV 5362
Asbestos Case

---

## PLAINTIFF'S EMERGENCY MOTION FOR SUMMARY REMAND

---

1.     This action was originally commenced by filing in the Circuit Court of Cook County on September 18, 2007, as *Deyerler v. Georgia Pacific, LLC., et. al* / 07 L 9822.

2.     The named plaintiffs are Harold and Wilma Deyerler.

3.     Plaintiff Harold Deyerler suffer from mesothelioma diagnosed in about June of 2008.

4.     Mesolthelioma is a terminal and incurable cancer caused by asbestos with a short life expectancy.

5.     Harold Deyerler's health has deteriorated and continues to rapidly deteriorate.

6.     Plaintiff sought rapid resolution of the case in state court due to the health condition of Mr. Deyerler.

7.     A scheduling order was entered to complete the discovery and witness identification in state court in early February, 2008, including a trial date for September 19, 2008. (Ex E)

8.     The case progressed substantially in accordance with the dates in the order and Mr. Deyerler remains alive although his physical and mental condition is in severe decline.

9.     On September 16, 2008, all parties appeared upon motion of a defendant and entered an agreed order moving the trial date in the Circuit Court of Cook County to begin on September 30, 2008. (Ex F)

10.    On September 18, 2008, two days after agreeing to a trial date in state court, defendant

Georgia Pacific (GP) filed a notice of removal of the cause.

11.      GP asserts that this court has diversity jurisdiction over this case because no Illinois resident defendants remain in the case within one-year since its filing in state court.

12.      In particular, GP contends that a settlement agreement was made before September 18, 2008, with a defendant in the state case named Auto Clutch / All Brake, Inc which it claims has settled the case with plaintiffs.

13.      Removal is not proper for the reasons set forth below.

14.      An Illinois resident defendant remains in the case more than one year after commencement of the action in state court.

     a.      Auto Clutch/All Brake has its principal place of business in Chicago and is incorporated under Illinois laws.

     b.      The purported settlement with Auto Clutch has not been consummated by offer and acceptance of all material terms by the Deyerlers.

     c.      Plaintiffs' counsel does not have client authority, which is required under Illinois law, to consummate a settlement.

     d.      The Deyerlers have rejected the terms of the purported settlement with Auto Clutch.

     e.      Auto Clutch's defense counsel has not confirmed certain material terms of the settlement offer.

     f.      No settlement release or settlement agreement has been executed.

     g.      No dismissal order has been entered as to Auto Clutch.

     h.      Auto Clutch has made a motion for a good faith finding of settlement, which requires court approval, in the state court which has not been ruled upon.

15.      Timely notice of removal was not joined by all defendants in contravention of the rule of unanimity required for removal.

16.      The use of removal as a tactic for forum shopping or to delay a trial after substantial progress has been made in the resolution of the case in state court is improper.

<u>Relief Requested</u>

For the reasons above, this court should summarily remand this matter to the Circuit

Court of Cook County and award costs to plaintiff.

Dated: September 19, 2008

Attorney for plaintiffs

Robert G. McCoy (Cook #23566)
Salvador Gutierrez  (Cook # 40711)
Cascino Vaughan Law Offices Ltd.
220 S. Ashland Avenue
Chicago, IL 60607
(312)-944-0600

## Affidavit of Wilma Deyerler

Wilma Deyerler, under penalty of perjury, deposes and states as follows:

1.   My name is Wilma Deyerler and I am over the age of eighteen.

2.   I give this affidavit based on my own personal knowledge and could testify to this information if called as a witness.

3.   I am one of the plaintiffs in the case entitled *Deyerler v. Auto Clutch, et. al.* / 07 L 9822

4.   On September 17, 2008, Harold Deyerler and I came to Chicago to prepare for our up coming trial.

5.   On September 18, 2008, Harold and I met with our attorney Salvador Gutierrez beginning at 2:00 p.m. and ending at about 4:30 p.m.

6.   During this meeting Salvador Gutierrez informed Harold and I about the amount of Auto Clutch's offer.

7.   Later in the evening on September 18, 2008, Salvador Gutierrez contacted me and I informed him that Harold and I were rejecting Auto Clutch's offer.

8.   Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Dated: Sept 19, 2008

Wilma Deyerler

PLAINTIFF'S
EXHIBIT
A
Blumberg No. 5113

### Affidavit of Robert G. McCoy

Robert G. McCoy, under penalty of perjury, deposes and states as follows:

1.    My name is Robert G. McCoy and I am over the age of eighteen.

2.    I give this affidavit based on my own personal knowledge and could testify to this information if called as a witness.

3.    I am lead counsel for the plaintiffs case captioned *Deyerler v. Auto Clutch, et. al.* / 07 L 9822, which was filed in the Circuit Court of Cook County.

4.    I have represented the Deyerlers since the case was filed on September 18, 2007. The fourth amended complaint was filed on September 16, 2008, and the case is fully prepared for trial which had originally been set in February, 2008, for September 19, 2008.

5.    On September 16, 2008, I appeared in court in response to motions filed by defendant Union Carbide seeking a short continuance of the trial and to add a witness.

6.    All counsel, including counsel for Georgia Pacific were present in court for the hearing on September 16, 2008.

7.    At the hearing the trial date was moved by agreement from September 19 to September 30 although I expressed concern about Mr. Deyereler's deteriorating health.

8.    I have extensive experience in the practice of asbestos cases.

9.    I have had discussions about settlement of the Deyerler case with counsel representing defendant Auto Clutch. The substance of discussions has been confidential although other defendants were aware of the discussions.

10.    During the discussions counsel for Auto Clutch ultimately orally stated on or about September 16 or 17, 2008, that the insurance carrier was offering to pay a certain sum that I stated I would recommend to our clients Harry and Wilma Deyerler.

11.    On September 18, 2008, I sent an email to defense counsel for Auto Clutch requesting a confirmation of the terms and did not receive any response.

12.    In my experience in settling hundreds of asbestos claims, a final settlement requires additional steps beyond counsel's discussions of an amount of money to be approved by the respective clients.

13.    The additional steps include approval from the client, a signed release (the terms of which are often disputed and negotiated), a payment date, and a dismissal order which

often includes a good faith finding.

14. None of these additional steps, needed to effect a settlement with Auto Clutch, have taken place, and consequently there is no settlement until these occur.

15. I was aware from discussions with Sal Gutierrez, an attorney in my office who works with me on the case, that the Deyerlers were coming to Chicago on or about September 17 or 18 for the trial.

16. I planned to discuss the amount of the offer with the Deylerers and ask for their consent when they arrived.

17. Mr. Gutierrez told me the Deyerlers would be coming to our offices on the afternoon of September 18, 2008.

18. Due to a conflict in my schedule at that time which took me out of the office at that time, I told Mr. Gutierrez to advise the Deyerlers of the amount of offer of settlement and seek their approval.

19. Mr. Guttierez told me he met with Deyelers in the afternoon and spoke to them later in the evening.

20. Mr. Gutierrez advised me in the evening of September 18 that the clients were unwilling to accept the settlement amount.

21. Upon learning this information, I sent an email to counsel for Auto Clutch advising there was no settlement and have had no further discussions of this matter.

22. As part of the removal notice, counsel for Georgia Pacific attached an email from me about settlement of the case with Auto Clutch. The circumstances of this email are not explained in the notice of removal and are set forth below.

23. At the hearing on September 16 in the Circuit Court of Cook County, defendant Union Carbide was given leave to add an expert witness (Dr. Dyson) subject to deposition. At the same hearing the court set the pending summary judgment motion of Auto Clutch for hearing on September 22 at 1:30 pm.

24. On September 18, Union Carbide counsel sent notice of scheduling the deposition of Dr. Dyson for 1:00 pm on September 22.

25. Before Mr. Gutierrez's discussions with our clients, counsel for Georgia Pacific sent an email in the morning of September 18, 2008, inquiring whether the case was "settled" which I understood to be in reference to the need for continued appearance at September 22, 2008, date scheduled for the Auto Clutch motion for summary judgment.

26.    I sent an email at 11:02 am on September 18 in response to Georgia Pacific counsel email based on my hope the case would be settled and the parties would not have to worry about scheduling order dates relating to Auto Clutch.

27.    At the time of my email, I was addressing the conflict of scheduling matters between the Auto Clutch summary judgment hearing and the Dyson deposition in the context of my hope that case against Auto Clutch could be settled.

28.    I did not have client authority for approval of the settlement at the time of my September 18, 2008, email to Georgia Pacific counsel.

29.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Dated:   September 19, 2008

Robert G. McCoy



### Affidavit of Salvador Gutierrez

Salvador Gutierrez, under penalty of perjury, deposes and states as follows:

1. My name is Salvador Gutierrez and I am over the age of eighteen.

2. I give this affidavit based on my own personal knowledge and could testify to this information if called as a witness.

3. I am one of the attorneys for the plaintiffs in the entitled case *Deyerler v. Auto Clutch, et. al.* / 07 L 9822.

4. Plaintiffs Harold and Wilam Deyerler, who were formerly life long residents of Chicago, moved to Las Vegas, Nevada after retirement.

5. On September 17, 2008, Harold Deyerler and Wilma Deyerler traveled to Chicago in preparation for their upcoming trial.

6. Due to his other commitments on September 18, 2008, lead counsel Robert McCoy asked me to meet with the Deyerler's and convey Auto Clutch's settlement offer.

7. On September 18, 2008, I met with Harold and Wilma Deyerler beginning at 2:00 p.m. and ending at about 4:30 p.m.

8. During this meeting I informed them about the settlement offer by Auto Clutch and told them it would be further discussed.

9. In my recent conversations with the Deyerlers relating to settlement issues with defendants, Wilma Deyerler has made the decisions due to Harold Deyerler's deteriorating mental condition.

10. Later in the evening on September 18, 2008, I contacted Wilma Deyerler and she informed me they rejected Auto Clutch's offer.

11. On September 18, 2008, I received an email from counsel for Auto Clutch attaching a motion for dismissal and good faith finding concerning the proposed settlement.

12. The Auto Clutch motion has not been set for hearing and will be contested by plaintiff.

13. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.



PLAINTIFF'S EXHIBIT
C
Blumberg No. 5113

Dated: **9/19/08**

Salvador Gutierrez

## Salvadore Gutierrez

**From:** Drumke, Michael W. [mdrumke@schiffhardin.com]
**Sent:** Thursday, September 18, 2008 7:20 AM
**To:** Salvadore Gutierrez; Bob G. McCoy
**Subject:** Deyerler

Sal/Bob,

Matt Jardine ran into counsel for Auto Clutch, David Fanning,  last night and he advised
that Plaintiff settled with Auto Clutch yesterday.  If so, I assume that Monday's summary
judgement hearing is off.  Can you please confirm that Plaintiffs have resolved with Auto
Clutch and that Monday's hearing is accordingly cancelled?

Also, was Plaintiffs' Fourth Amended Complaint filed and if so, can you forward a copy so
that we can prepare and file our responsive pleadings?

Thanks.

Michael W. Drumke
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Direct: (312) 258-5744
Fax: (312) 258-5700
mdrumke@schiffhardin.com

This e-mail is intended solely for the person or entity to which it is addressed and may
contain confidential and/or privileged information. Any review, dissemination, copying,
printing or other use of this e-mail by persons or entities other than the addressee is
prohibited. If you have received this e-mail in error, please contact the sender
immediately and delete the material from any computer. Thank you.

-------------------------------------------------------------------
Tax Matters:  To the extent this message or any attachment concerns tax matters, it is not
intended or written to be used, and cannot be used by a taxpayer, for the purpose of
avoiding penalties that may be imposed on the taxpayer under law
-------------------------------------------------------------------
This message and any attachments may contain confidential information protected by the
attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you
received the message in error.  Then delete it.  Thank you.
-------------------------------------------------------------------



PLAINTIFF'S
EXHIBIT
D-1

## Salvadore Gutierrez

**From:** Tobin Taylor [ttaylor@hrva.com]
**Sent:** Thursday, September 18, 2008 9:38 AM
**To:** Bob G. McCoy; Salvadore Gutierrez
**Cc:** Adam Lagocki
**Subject:** RE: Deyerler v. Auto Clutch, et al. / 07 L 009822

Bob, Sal:

I'll send a letter via fax today, but here's an advanced heads up: William Dyson is available for discovery depo at 2pm eastern on Monday.  He said he'd have the report finished today and will send.  Assume you'll do via phone.  If you need a location for the court reporter to show up, we usually have him appear at the Millenium Hotel in Durham.

Tobin

>>> "Salvadore Gutierrez" <sgutierrez@cvlo.com> 9/18/2008 9:15 AM >>>
Thank you.

**From:** Tobin Taylor [mailto:ttaylor@hrva.com]
**Sent:** Thursday, September 18, 2008 8:54 AM
**To:** Salvadore Gutierrez
**Cc:** Adam Lagocki; Mark Ludolph
**Subject:** Re: Deyerler v. Auto Clutch, et al. / 07 L 009822

Sal,

Attached please find a copy of  the answers to Cook County consolidated interrogatories filed by Union Carbide. If you require a copy in the regular mail, please advise.

Tobin



## Salvadore Gutierrez

| | |
|---|---|
| **From:** | Bob G. McCoy |
| **Sent:** | Thursday, September 18, 2008 11:02 AM |
| **To:** | 'Drumke, Michael W.'; Salvadore Gutierrez |
| **Subject:** | RE: Deyerler |

Mike - Auto Clutch is settled and the scheduled matters for them are off.

-----Original Message-----
From: Drumke, Michael W. [mailto:mdrumke@schiffhardin.com]
Sent: Thursday, September 18, 2008 7:20 AM
To: Salvadore Gutierrez; Bob G. McCoy
Subject: Deyerler

Sal/Bob,

Matt Jardine ran into counsel for Auto Clutch, David Fanning, last night and he advised that Plaintiff settled with Auto Clutch yesterday. If so, I assume that Monday's summary judgement hearing is off. Can you please confirm that Plaintiffs have resolved with Auto Clutch and that Monday's hearing is accordingly cancelled?

Also, was Plaintiffs' Fourth Amended Complaint filed and if so, can you forward a copy so that we can prepare and file our responsive pleadings?

Thanks.

Michael W. Drumke
Schiff Hardin LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6473
Direct: (312) 258-5744
Fax: (312) 258-5700
mdrumke@schiffhardin.com

This e-mail is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this e-mail by persons or entities other than the addressee is prohibited. If you have received this e-mail in error, please contact the sender immediately and delete the material from any computer. Thank you.

-----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns tax matters, it is not intended or written to be used, and cannot be used by a taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer under law.
-----------------------------------------------------------------
This message and any attachments may contain confidential information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you received the message in error. Then delete it. Thank you.
-----------------------------------------------------------------



PLAINTIFF'S
EXHIBIT
D-3

## Salvadore Gutierrez

**From:**    Bob G. McCoy
**Sent:**    Thursday, September 18, 2008 11:18 AM
**To:**    'Greg Lyons'
**Cc:**    Fanning, David F.; Salvadore Gutierrez
**Subject:** RE: Deyerler Settlement

Greg - Yes. To confirm, agreeement with Auto Clutch was $70,000, release to be delivered to our offices in a week and payment in 30 days.

---

**From:** Greg Lyons [mailto:Greg.Lyons@wilaw.com]
**Sent:** Thursday, September 18, 2008 10:36 AM
**To:** Bob G. McCoy
**Cc:** Fanning, David F.
**Subject:** Deyerler Settlement

Bob, this will confirm that we have resolved the Deyerler case under the terms that we discussed yesterday. We will prepare the release and other settlement documents and get those over to you soon. Thanks.

Greg



Gregory W. Lyons
O'Neil, Cannon, Hollman, DeJong, S.C.
Suite 1400
111 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Phone: (414) 276-5000
Facsimile: (414) 276-6581
E-mail: greg.lyons@wilaw.com



## Salvadore Gutierrez

| | |
|---|---|
| **From:** | Bob G. McCoy |
| **Sent:** | Thursday, September 18, 2008 11:30 AM |
| **To:** | 'Tobin Taylor'; Salvadore Gutierrez |
| **Cc:** | Adam Lagocki |
| **Subject:** | RE: Deyerler v. Auto Clutch, et al. / 07 L 009822 |

Tobin - I am OK with the date/time. Sal will handle arrangements for reporter/location with you. Will be by telephone. I will need his report today because I may want to give documents to the witness and willhave to send these out on Friday to get to dep site

---

**From:** Tobin Taylor [mailto:ttaylor@hrva.com]
**Sent:** Thursday, September 18, 2008 9:38 AM
**To:** Bob G. McCoy; Salvadore Gutierrez
**Cc:** Adam Lagocki
**Subject:** RE: Deyerler v. Auto Clutch, et al. / 07 L 009822

Bob, Sal:

I'll send a letter via fax today, but here's an advanced heads up: William Dyson is available for discovery depo at 2pm eastern on Monday. He said he'd have the report finished today and will send. Assume you'll do via phone. If you need a location for the court reporter to show up, we usually have him appear at the Millenium Hotel in Durham.

Tobin

>>> "Salvadore Gutierrez" <sgutierrez@cvlo.com> 9/18/2008 9:15 AM >>>
Thank you.

---

**From:** Tobin Taylor [mailto:ttaylor@hrva.com]
**Sent:** Thursday, September 18, 2008 8:54 AM
**To:** Salvadore Gutierrez
**Cc:** Adam Lagocki; Mark Ludolph
**Subject:** Re: Deyerler v. Auto Clutch, et al. / 07 L 009822

Sal,

Attached please find a copy of the answers to Cook County consolidated interrogatories filed by Union Carbide. If you require a copy in the regular mail, please advise.

Tobin



PLAINTIFF'S
EXHIBIT
D-5

9/19/2008

## Salvadore Gutierrez

| | |
|---|---|
| **From:** | Bob G. McCoy |
| **Sent:** | Thursday, September 18, 2008 6:41 PM |
| **To:** | 'Greg Lyons' |
| **Cc:** | Fanning, David F.; Salvadore Gutierrez |
| **Subject:** | RE: Deyerler Settlement |

Greg - I have not had confirmation of the terms of the proprosed settlement from your office. We have spoken with Deyerlers to get their approval and they have raised a number of questions as indicated by my earlier voice mail. Thus, we need to discuss this matter further before it can be concluded.

**From:** Greg Lyons [mailto:Greg.Lyons@wilaw.com]
**Sent:** Thursday, September 18, 2008 10:36 AM
**To:** Bob G. McCoy
**Cc:** Fanning, David F.
**Subject:** Deyerler Settlement

Bob, this will confirm that we have resolved the Deyerler case under the terms that we discussed yesterday. We will prepare the release and other settlement documents and get those over to you soon. Thanks.

Greg



Gregory W. Lyons
O'Neil, Cannon, Hollman, DeJong, S.C.
Suite 1400
111 E. Wisconsin Ave.
Milwaukee, Wisconsin 53202
Phone: (414) 276-5000
Facsimile: (414) 276-6581
E-mail: greg.lyons@wilaw.com



## Salvadore Gutierrez

| | |
|---|---|
| **From:** | Salvadore Gutierrez |
| **Sent:** | Thursday, September 18, 2008 6:44 PM |
| **To:** | 'David F. Fanning' |
| **Cc:** | 'Bob McCoy' |
| **Subject:** | RE: deyerler |

David,

This motion is premature because no settlement has been finalized.  Please reference the e-mail sent by Bob McCoy.

Sal Gutierrez

---

**From:** David F. Fanning [mailto:fanningd@jbltd.com]
**Sent:** Thursday, September 18, 2008 2:06 PM
**To:** Salvadore Gutierrez
**Subject:** deyerler

As per our discussion, please find the proposed motion and order.


David F. Fanning
Attorney at Law
Johnson & Bell Ltd.
33 W. Monroe, Suite 2700
Chicago, IL 60603
fanningd@jbltd.com
312-984-0289 (direct dial)
773-710-3729 (cell)

<<ECOPY_25NW_EXCHANGE_09182008-133149.PDF>>

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

All contents of this e-mail and any attachment are private &
confidential.  If received or viewed by anyone other than the
intended recipient, neither this e-mail nor any attachments, or
anything derived from these, may be used or passed on for any purpose
whatsoever, and all materials must be destroyed and the sender
notified immediately.



IN THE CIRCUTI COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HAROLD C. DEYERLER and )
WILMA J. DEYERLER, )
                         )
        Plaintiffs, )
                         )
        Vs. )      Case No: 07 L 009822
                         )      Asbestos Case
ARVIN MERITOR, INC., et al. )
                         )
        Defendants. )

## ORDER

This matter coming before this court on the status conference, due notice having been given and this court being full advised on the premises,

It is hereby ordered:

1.   This cause is set for trial on September 19, 2008 at 9:30 a.m. before Judge William D. Maddux in Room 2005 of the Richard J. Daley Center.

2.   Plaintiff shall provide defendants with answers to standard consolidated interrogatories in the form approved by this Court on February 15, 2008. With respect to witnesses expected to testify on issues of product exposure or premises exposure, answers to interrogatories shall specify the defendant(s) against which the witness' testimony will be offered, the product(s) about which the witness will testify, the job site(s) about which the witness will testify, the timeframe(s) about which the witness will testify, whether the witness is represented by counsel, and if so, the identity of counsel, and if not represented by counsel, a current and accurate address for the witness.

3.   Plaintiff shall provide defendant with responses to standard production requests in the form approved by this court on February 15, 2008.

4.   Plaintiffs shall supply defendants with all records in their possession relating to medical treatment and any claims for lost earnings on February 15, 2008.

5.   Upon the request of any defendant, plaintiffs shall be produced for independent medical evaluations not later than February 22, 2008.

6.   Plaintiff shall supply defendants with all pathology materials and radiology films or any description in their possession not later than March 23, 2008.



PLAINTIFF'S
EXHIBIT
E

7.    All product exposure, premises exposure, and fact witnesses on behalf of plaintiffs (other than family members as hereinafter provided) who are represented by plaintiffs' attorneys shall be produced for their discovery depositions not later than April 7, 2008 by plaintiffs' counsel on notice and payment of the statutory witness fee, but without the necessity of a subpoena from defendants. Defendants shall issue a subpoena for the depositions of fact witnesses not represented by plaintiffs' counsel, scheduling all such depositions for completion not later than April 7, 2008. A defendant need not attend the deposition of a witness not disclosed in a particular case against that defendant, and the testimony of such a witness shall be inadmissible against that defendant at trial.

8.    Plaintiffs shall disclose the identities of all opinion witnesses, and the expected substance of their testimony as required by Supreme Court Rule 213(f) not later than April 22, 2008.

9.    Defendants shall disclose the identities of all fact witnesses expected to testify at trial on their behalf not later than May 22, 2008.

10.   Plaintiffs shall produce all opinion witnesses so disclosed for depositions not later than June 6, 2008.

11.   Defendants are hereby granted leave of Court to take the deposition of any treating physician disclosed in these cases not later than June 6, 2008.

12.   Upon the request of plaintiff, those fact witnesses disclosed by a defendant which are within its control shall be produced for deposition not later than June 21, 2008. Plaintiff shall issue a subpoena for the depositions of other fact witnesses, scheduling all such depositions for completion not later than June 21, 2008.

13.   Defendants shall disclose the identities and expected testimony of all opinion witnesses consistent with Supreme Court Rule 213(f) not later than June 21, 2008.

14.   Upon request of plaintiff, all opinion witnesses so disclosed on behalf of defendants shall be produced for depositions no later than July 17, 2008.

15.   Plaintiffs shall file all motions pursuant to §2-604.1 not later than July 17, 2008.

16.   Defendants may file any response to motions pursuant to §2-604.1 not later than August 20, 2008.

17.   All motions for summary judgment shall be filed not later than July 17, 2008. Responses to motions for summary judgment shall be filed not later than July 31, 2008. All reply memoranda in support of summary judgment motions shall be filed no later than August 7, 2008.

18. Upon the request of any defendant made not later than July 17, 2008, all family members of plaintiffs expected to testify at trial shall be produced for depositions not later than September 5, 2008.

19. Discovery responses made prior to the deadlines specified herein shall be updated pursuant to Supreme Court Rule 213 Discovery responses shall not be amended or supplemented after the deadlines set forth in this Order. Any evidence or testimony not timely disclosed or produced pursuant to this Order shall be inadmissible for any purpose at trial, except by stipulation of the parties Motions to extend deadlines set forth in this order shall be filed prior to the expiration of the deadline and for good cause shown, unless otherwise agreed by the parties.

_____, 2008

ENTER:

_____

Judge                Judge's No

Prepared by:
Attorneys for Plaintiffs
Cascino Vaughan Law Offices
220 S. Ashland, Ave.
Chicago, IL 60607
312-944-0600



ENTERED
JUDGE WILLIAM D. MADDUX-1559

FEB 05 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Order                                                                    (2/24/05)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN RE ASBESTOS
LITIGATION

Harold Deyerler

v.                                          No. 07 L 9822

Union Carbide et al

### ORDER

Cause coming on for hearing on Motion to continue trial
parties present, court being advised, It is ORDERED:

1. Trial DATE September 19, 2008 is vacated;

2. Trial DATE Continued to September 30, 2008; 10 AM, RM 2005.

3. Union Carbide Allowed to File Motion for summary judgment
   and all parties to respond by 9-26-08

4. Union Carbide Allowed to Disclose Dr. Dyson and tender for
   deposition
                                          Howard Bowman
5. Union Carbide Allowed to Disclose USG witness provided tendered
   for discovery deposition by friday 9-19-08 or by agreement and Union Carbide
   shall provide deposition transcript of Bowman if in
   Union Carbide's possession

Atty. No.: 38260

Name: TAYLOR                    ENTERED: or counsel for Union Carbide's
                                         possession gained in
Atty. for: Union Carbide Corp            capacity as Union Carbide's
                                         counsel;
Address: 124 SW Adams, Ste 600

City/State/Zip: Peoria FL 61615    Dated:

Telephone: 309-676-2400            _____   Judge   Judge's No.

**ENTERED**
JUDGE WILLIAM D. MADDUX 1559
SEP 16 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF ... URT OF COOK COUNTY, ILLINOIS**



PLAINTIFF'S
EXHIBIT
**F**