IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Harold C. Deyerler and Wilma J. Deyerler, Plaintiffs, v. Auto Clutch / All Brake, Inc., et. al., Defendants. | Case No. 08 CV 5362 Asbestos Case |

Plaintiff's Motion to Enforce Settlement with General Motors Corporation and Ford Motor Co.

Plaintiff moves this court to enforce her settlement agreement with General Motors Corporation and Ford Motor Company and states as follows:

1. Plaintiff's counsel agreed to settle this case as to General Motors Corporation and Ford Motor Company on or about September 10, 2008 in the amount of $33,000. (Exhibit A).

2. The settlement agreement provided General Motors Corporation and Ford Motor Company fulfill payment, pending receipt of the signed settlement release.

3. On November 10, 2008 plaintiff transmitted the signed settlement release to General Motors Corporation and Ford Motor Company . (Exhibit B)

4. Despite follow up requests for payment, as of today's date plaintiff has not received payment. (Exhibit C)

Relief Requested

Plaintiff moves this court enter an order enforcing the settlement agreement with General Motors Corporation and Ford Motor Company and compelling General Motors Corporation and Ford Motor Company to fulfill payment as required by the settlement agreement as well as interest from the date the agreement was made.

Dated: January 15, 2009

Respectfully submitted,

/s/ Robert J. McCoy
Attorney for plaintiff

Robert G. McCoy
Cascino Vaughan Law Offices Ltd.
220 S. Ashland Avenue
Chicago IL 60607
312-944-0600

1

## SETTLEMENT AND FULL AND FINAL RELEASE AGREEMENT

For and in the sole consideration of $33,000 (Thirty-three thousand and 00/100 Dollars), the receipt and sufficiency whereof is hereby acknowledged, **HAROLD C. DEYERLER and WILMA J. DEYERLER**, and on behalf of his dependents, heirs, executors, administrators, estates, successors and assigns (hereinafter referred to as "Releasors"), hereby fully and forever release and discharge **General Motors Corporation** and **Ford Motor Company**, and each of their insurers, predecessors, agents, assigns, subsidiaries, affiliated companies, successors in interest, distributors, authorized franchised dealers, representatives, any company or entity that may request, demand or claim entitlement to indemnity, officers, directors, employees and agents, past and present, (hereinafter referred to as "Releasees") from any and all past, present or future claims, demands, obligations, actions, causes of action whether based in law or equity, including but not limited to any claims for workers' compensation, death, disability, wrongful death and loss of services, comfort or society, which arise from or could arise from the acts, incidents and injuries asserted in his Complaint, filed in the case designated as Harold C. Deyerler and Wilma J. Deyerler v. Arvin Meritor, et. al., No. 07 L 9822 (the "Complaint"). This release and discharge includes, but is not limited to, all known or unknown claims for personal injuries or death and the consequences thereof which resulted or may have resulted from the claimed exposure to any asbestos or asbestos-containing products, any mixed dust products, or any other product designed, manufactured, assembled, sold, distributed by Releasees, or from exposure in any of the premises of Releasees, and/or the alleged conduct, negligence, gross negligence, intentional acts and/or other tortious acts or omissions of Releasees.

Releasors hereby fully and forever release and discharge Releasees from all damages, costs, expenses, liens, obligations, punitive damages or any other compensation of any nature whatsoever, whether now known or unknown, suspected or unsuspected, which Releasors now have, or which may hereafter accrue or otherwise be acquired by Releasors, on account of or in any way arising out of the Complaint, or which are or could be the subject of the Complaint. Within three (3) days of receipt of the payment to be paid under the release, Plaintiff shall file a Voluntary Dismissal With Prejudice in the Action.

Releasors understand that injuries may arise in the future, including wrongful death and survival claims. Releasors acknowledge that the sum paid in consideration of this Settlement Agreement and Release is intended to and does release and discharge these potential claims and damages in regard to such future injuries.

Releasors agree to indemnify and hold harmless each Releasee set forth above against any claims arising out of or related to Releasors' exposure to asbestos, including but not limited to any future proceeding by any potential heirs or any other person. It is the express instruction and intention of Releasors that should any such heirs or any other person present a claim, Releasors or Releasors' joint or separate estate will, upon tender, undertake to defend said Releasee against the same and indemnify it against any judgment or settlement obtained by any such heirs or any other person. Releasors understand that this is a legal undertaking on Releasors' part which is binding upon them and is given by Releasors in return for fair and

EXHIBIT A

valuable consideration, to wit: The agreement by Releasees, in reliance in part upon this document, to pay funds which Releasors believe to be fair and reasonable in settlement of all claims. But, amount of indemnification is limited to the consideration paid by Releasees to the Releasors.

Releasees acknowledge, notwithstanding the preceding provisions, that this Settlement and Full and Final Release Agreement does not exclude any claims for injuries and damages to the body of WILMA J. DEYERLER which are alleged to arise from or relate to any exposure experienced by WILMA J. DEYERLER to asbestos or asbestos-containing products. Further, the indemnification provisions of this release do not apply to any such claim.

Neither this release nor the settlement which led to it is intended to and shall not be deemed, construed or treated in any respect as an admission of liability by any person or entity for any purpose. Releasors acknowledge that this settlement represents a compromise of disputed claims as to the question of liability and as to the nature, extent and amount of any damages, in that said injuries and/or damages, if any are not now all known or anticipated, but Releasors nevertheless desire to settle and compromise any and all past, present and future claims described above in full.

This settlement and Full and Final Release Agreement shall be binding upon the parties hereto and shall bind and inure to the benefit of the respective heirs, dependents, personal representatives, executors, successors, estates and assigns of the parties hereto.

The terms of this Settlement and Full and Final Release Agreement are contractual and constitute the entire agreement between the parties hereto, and no claim of waiver, modification or consent with respect to any provisions of this document shall be made against any party, except on the basis of a written instrument, executed by or on behalf of such party.

This document shall be governed by and interpreted in accordance with and under the laws of the State of Illinois. This instrument shall also be interpreted fairly to achieve its purpose as if drafted jointly by the parties hereto.

Each Releasor represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whomsoever any assets, claim, debt, liability, demand, obligation, cost, expense, action or cause of action herein released. Each Releasor agrees to indemnify and hold harmless Releasees against any claim, debt, liability, demand, obligation, cost, expense, action or cause of action based on, arising out of or in connection with any such transfer or assignment.

Releasors warrant that no promise or inducement has been offered except as herein set forth. Releasors further warrant that this release is executed without relying upon any statement or representation by Releasees or their representatives, concerning the nature and extent of any injuries and damages or legal liability. Releasors also warrant that they are of legal age, are legally competent to execute this Settlement and Full and Final Release Agreement and Releasors accept full responsibility therefore.

Releasors hereby acknowledge that the terms and conditions of this settlement and release agreement have been completely read and are fully understood and voluntarily accepted for the express purpose of making a full compromise, adjustment and settlement as set forth above. Releasors further acknowledge that this release agreement has as its purpose the preclusion of any additional claims against Releasees.

Each party acknowledges that he has been represented by independent counsel of his or her own choice throughout all of the negotiations which preceded the execution of this instrument and in connection with the preparation and execution of this instrument. Each party acknowledges that he has relied upon the advice of his attorney concerning the legal and income tax consequences of this Settlement and Full Final Release.

As part of the consideration for entering into this Settlement and Full Final Release, the Releasors and their agents, assigns, wards, executors, successors, administrators, and attorneys, shall maintain in strict confidence, and shall not disseminate, allude to, characterize, quantify, or otherwise reference any and all offers and counter-offers disclosed to them by the other parties or their counsel in the negotiations leading to this settlement, the contents of this Settlement and Full Final Release, or the consideration therefor, (except that the fact that a settlement was reached may be disclosed) and shall use best efforts to prevent disclosure, either directly or indirectly, of such information to any third parties. The Releasors shall refrain from making, causing to be made, or participating in the making of any public announcements, press releases, or interviews concerning the amount and terms of settlement and shall refrain from contacting, causing another to contact, or participating in the dissemination of information concerning the amount and terms of this Settlement and Full Final Release to the media. The Releasors and their counsel shall provide no information, other than the fact of settlement, to any consultants and/or experts retained or consulted in this litigation. Dissemination or disclosure of the contents of Settlement and Full Final Release and the consideration therefor in any manner, in violation of this provision, shall be deemed to be a material breach of this Settlement and Full Final Release and shall give those parties released hereunder the right to seek such remedies as may be appropriate, including contempt of Court and/or damages from the breaching party as may be appropriate and authorized by law and to compensate those parties released hereunder for any injury, loss, or detriment, including attorneys' fees and costs suffered as a result of such breach. The Releasors and Releasees may discuss this Settlement and Full Final Release with their attorneys, accountants, auditors, tax advisors, or financial planners and/or to the degree necessary governmental taxing authorities only.

As part of the consideration for entering into this Settlement and Full and Final Release, the Releasors, their attorneys and agents agree, warrant, and represent that they will not pursue any discovery, including but not limited to any and all written discovery, depositions, and subpoenas (non-party or otherwise) against Releasees in any case involving allegations by Releasors of injury arising from wrongful death or survival claims; this provision encompasses all discovery whether it has already been served upon Releasees or could be served upon Releasees in the future.

Nothing herein contained shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this document and

3

law, statute or government ordinance or regulation contrary to which the parties have no legal right to contract, the latter shall prevail, but in such event the provisions of this Settlement and Full and Final Release Agreement affected shall be curtailed, limited and modified only to the extent necessary to bring it within legal requirements, and this document, as thus curtailed, limited and modified, shall continue in full force and effect.

Whenever in this instrument the context may so require, the masculine, feminine and neutral gender shall be deemed to include the other and the singular and plural are each deemed to refer to the other.

Releasors shall cause to be dismissed, with prejudice, the complaints identified herein, as to the Releasees identified herein only, upon completion of this settlement agreement.

--REMAINDER OF PAGE LEFT INTENTIONALLY BLANK--

I have read the above Release before signing it and fully understand its terms, which were explained to me by an attorney at **Cascino Vaughn Law Offices, Ltd.**

_Harold Deyerler_
HAROLD DEYERLER

_Wilma Deyerler_
WILMA DEYERLER

IN WITNESS WHEREOF we have hereunto set our hand and seal this _____ day of _____ 2008.

Signed, sealed and delivered in the presence of:

_____
CASCINO VAUGHN

STATE OF _Nevada_ )
                  ) ss.
COUNTY OF _Clark_ )

On the _4th_ day of _November_, 2008, before me personally appeared _Harold & Wilma Deyerler_ to me known and known to me to be the same person(s) mentioned and described in and who executed the above instrument and he/she acknowledged to me that he/she executed the same.

NOTARY PUBLIC

_[signature]_

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
KATHRYN DONDERO
No: 01-68517-1
My Appointment Expires April 17, 2009

5

# CASCINO VAUGHAN LAW OFFICES, LTD

MICHAEL P. CASCINO (IL)
ALLEN D. VAUGHAN (IL)
ROBERT G. McCOY (IL,MO. WI)
JACQUELINE J. HERRING (IL,GA)
SALVADOR GUTIERREZ (IL)

**220 SOUTH ASHLAND
CHICAGO, ILLINOIS
60607-5308
312-944-0600
312-944-1870 FAX**

<u>VIA FEDEX</u>

November 10, 2008

Sanchez Daniels & Hoffman LLP
Joseph P. Sullivan
Craig A. Ziolkowski
333 W Wacker Drive suite 500
Chicago, IL 60606

Re: *Deyerler v. Auto Clutch / All Brake, Inc., et al.*

Dear Counsel:

Enclosed, please find the Settlement and Full and Final Release Agreement for General Motors Corporation and Ford Motor Company.

Sincerely,


Rosemary Powers
Legal Assistant
312-944-0600
rpowers@cvlo.com



## FULL RELEASE AND SETTLEMENT AGREEMENT

This Full Release and Settlement Agreement (hereinafter "Release") is made and entered into by HAROLD C. DEYERLER and WILMA J. DEYERLER, (hereinafter "Releasors") with respect to certain claims made against Auto Clutch/All Brake, Inc. (Auto Clutch) (hereinafter referred to as "Releasee") in HAROLD C. DEYERLER and WILMA J. DEYERLER v. Arvin Meritor, Inc., et al., Circuit Court of Cook County, Illinois, Law Division, Case No. 07-L-009822.

Plaintiff, HAROLD C. DEYERLER and WILMA J. DEYERLER, brought certain claims for damages against Auto Clutch/All Brake, Inc., in the above-captioned lawsuit. Auto Clutch/All Brake, Inc. has denied and continues to deny, any liability whatsoever for the losses alleged by Releasors. Moreover, Releasors wish to resolve any and all claims Releasors may have against Auto Clutch/All Brake, Inc. Thereafter, in consideration of the promises and covenants set forth below, Releasors agree as follows:

1. In exchange for this release, Auto Clutch/All Brake, Inc., shall pay Releasors for and in consideration of the sum of One Dollar and 00/100 ($1.00) and other good and valuable consideration, a confidential amount (hereinafter the "Settlement Amount") the receipt of which is hereby acknowledged.

2. In exchange for the above amount, Releasors agree to RELEASE AND FOREVER DISCHARGE Releasees, including but not limited to, Auto Clutch/All Brake, Inc., its present and former officers, directors, employees, agents, attorneys, shareholders, predecessors, parents, guarantors, indementors, subsidiaries, divisions, affiliated companies, successors, assigns, and insurers in their capacity as insurers to the aforementioned persons and entities, from any and all liability, action, causes of action, judgments, claims and demands of whatsoever kind or nature that may exist under any federal or state statute or under common law of any state or the federal common law, or

under contract, including wrongful death, employee benefits, workers' compensation, conspiracy, negligence, breach of warranty express or implied, and including but not limited to claims for consequential, punitive, and exemplary damages, which the undersigned Releasors, their family, representatives, affiliates, successors, assigns, trustees, beneficiaries, heirs, administrators, executors and attorneys, have or to which the undersigned Releasors, their family, representatives, affiliates, successors, assigns, trustees, beneficiaries, heirs, administrators, executors and attorneys, claim or could claim to be entitled by reason of damages known or unknown, foreseen or unforeseen, for lung or pulmonary injury, asbestosis, pleural disease, for all forms of cancer including mesothelioma, death, fear of cancer, or any disease, mental distress, lost earnings, loss of consortium, or any injuries, illnesses, losses, mental pain or anguish, and any conditions whatsoever (hereinafter collectively referred to as "undersigned damages"), resulting from HAROLD C. DEYERLER'S claimed exposure to asbestos (hereinafter "exposure"). It is expressly understood that this Release is FULL AND FINAL as to Auto Clutch/All Brake, Inc. IT IS FUTHER expressly understood, notwithstanding the preceding provisions, that this Full Release and Settlement Agreement does not exclude any claims for injuries and damages to the body of WILMA J. DEYERLER which are alleged to arise from or relate to any exposure experienced by WILMA J. DEYERLER to asbestos or asbestos-containing products.

3. The undersigned Releasors rely wholly upon Releasors' own judgment, belief, and knowledge and this Release is made without reliance upon any statement or representation by the released parties or their representatives, the making of such statement or representation being specifically denied.

4. It is understood that no claims or demands are being released which the undersigned Releasors may have against any other person or corporation other than Auto Clutch/All

Brake, Inc. and Releasees named herein, and in particular against other defendants, third-party defendants, or additional defendants in any other lawsuit, including, without limitation, parties in Chapter 11 bankruptcy proceedings, on account of the aforesaid exposure.

5. It is understood that this Release is not to be considered as a satisfaction of the entire undersigned damages claimed to have been suffered by the undersigned Releasors, as the undersigned Releasors specifically reserved any and all rights or actions against any persons or entities other than Auto Clutch/All Brake, Inc., its officers, directors, employees, agents, shareholders, predecessors, parents, subsidiaries, divisions, affiliated companies, successors, assigns and insurers in their capacity as insurers to the aforementioned persons and entities.

6. Releasors further agree and understand that this Release is given in compromise of a disputed claim, and that payment herein is not to be construed as an admission of liability on the part of Auto Clutch/All Brake, Inc., and that Auto Clutch/All Brake, Inc., denies any liability and intends merely to avoid litigation.

7. It is understood and it is expressly agreed that any copy of this Release may be considered as effective for any purposes as if it were original.

8. The undersigned Releasors hereby acknowledge having read this Release Agreement, having conferred with the undersigned Releasors' own attorneys concerning the meaning and effect of this Release Agreement, understand that by signing this Release Agreement the undersigned Releasors have released specific rights against Auto Clutch/All Brake, Inc., and its insurers in their capacity as insurers to the aforementioned persons and entities, and have limited all rights against parties to the aforementioned lawsuit and any other claimed tortfeasor in accordance with the terms of this Release.

9. In consideration of the payment of the Settlement Amount, the Releasors understand and expressly intends and agrees that neither Releasors nor Releasors' agents will discuss or disclose the terms or amount of settlement of this Release with anyone, with the exception of her attorneys, or as ordered by the Court. It is further understood and expressly agreed that all of the terms of this Release will be kept strictly confidential.

10. All amounts to be paid under this Release are allocated to the settlement and compromise of the alleged and disputed claims for damages suffered on account of personal injuries or sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1954, as amended.

11. As consideration of payment of the aforementioned Settlement Amount, Releasors agree to execute and file with the United States District Court for the Northern District of Illinois, Eastern Division, or other appropriate court, a Stipulation of Good Faith Finding, Order Finding Good Faith Settlement, Order Granting Dismissal with prejudice as to Auto Clutch/All Brake, Inc., and/or any other documentation required to facilitate the dismissal of Auto Clutch/All Brake, Inc. It is further agreed that any and all other claims filed on behalf of Releasors against Auto Clutch/All Brake, Inc., in any other jurisdiction, if any existed, arising out of the same or similar facts, will be dismissed with prejudice as to Auto Clutch/All Brake, Inc. Each party to bear its own costs.

12. This Release contained the ENTIRE AGREEMENT between the undersigned and Auto Clutch/All Brake, Inc., and the terms are contractual, and not merely a recital. Releasors state that Releasors have carefully read the foregoing, or had it read and explained, and that Releasors know and understand the contents and meaning of signing this document and accepting payment. Releasors sign this Release of Releasors' own free act.

**CAUTION: THIS IS A COMPLETE AND FINAL RELEASE. READ CAREFULLY BEFORE SIGNING.**

**BEING DULY SWORN TO LAW, I DO HEREBY DEPOSE AND SAY THAT I HAVE CAREFULLY READ THE FOREGOING RELEASE; THAT I KNOW AND UNDERSTAND THE CONTENTS AND MEANING THEREOF THAT I HAVE CONSULTED MY ATTORNEY CONCERNING THE CONTENT AND SIGNING OF THE FOREGOING RELEASE, AND THAT I HAVE THIS DATE VOLUNTARILY SIGNED THE FOREGOING RELEASE IN THE PRESENCE OF MY ATTORNEY OR THE UNDERSIGNED NOTARY PUBLIC.**

IN WITNESS WHEREOF, the undersigned, HAROLD C. DEYERLER and WILMA J. DEYERLER, has hereunto set her hand and seal this 24th day of October, 2008, intending and agreeing to be legally bound.

_____
WILMA J. DEYERLER

WITNESS:

_____
_____
_____

SWORN AND SUBSCRIBED before me this 24th day of October, 2008.

[NOTARY PUBLIC STATE OF NEVADA, County of Clark, No: 08-7188-1, STEVEN V. HASSEN, My Appointment Expires July 9, 2012]

_____
NOTARY PUBLIC

_____
HAROLD C. DEYERLER

WITNESS:

_____
_____
_____

SWORN AND SUBSCRIBED before me this 24th day of October, 2008.

[NOTARY PUBLIC STATE OF NEVADA, County of Clark, No: 08-7188-1, STEVEN V. HASSEN, My Appointment Expires July 9, 2012]

_____
NOTARY PUBLIC

## Salvadore Gutierrez

| | |
|---|---|
| **From:** | Salvadore Gutierrez |
| **Sent:** | Monday, November 10, 2008 12:09 PM |
| **To:** | Craig Ziolkowski |
| **Cc:** | jsullivan@sanchezdh.com; Bob G. McCoy; Andrew S. Pigott |
| **Subject:** | Deyerler v. Arvin Meritor, Inc., et al. / 07-L-009822 |

Craig,

Attached is a signed copy of plaintiffs' release. The original is being mailed to your office today. Please advise when plaintiffs will receive payment.


Salvador Gutierrez

Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
312-944-0600 ex. 107

1/14/2009

**Salvadore Gutierrez**

| | |
|---|---|
| **From:** | Craig Ziolkowski [CZiolkowski@SanchezDH.com] |
| **Sent:** | Thursday, November 13, 2008 10:52 AM |
| **To:** | Salvadore Gutierrez |
| **Cc:** | Bob G. McCoy; Allen D. Vaughan; Joseph Sullivan |
| **Subject:** | RE: Deyerler v. Georgia Pacific |

I have submitted it for review and that should be completed shortly. I will keep you advised of when the checks have been submitted.

**From:** Salvadore Gutierrez [mailto:sgutierrez@cvlo.com]
**Sent:** Wednesday, November 12, 2008 5:20 PM
**To:** Craig Ziolkowski
**Cc:** Bob G. McCoy; Allen D. Vaughan; Joseph Sullivan
**Subject:** Deyerler v. Georgia Pacific

Craig,

Plaintiffs have tendered a signed and notarized release in the above referenced case. When will plaintiffs receive payment in the above referenced case?

Salvador Gutierrez

Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
312-944-0600 ex. 107



EXHIBIT C

1/14/2009

**Salvadore Gutierrez**

**From:** Craig Ziolkowski [CZiolkowski@SanchezDH.com]
**Sent:** Tuesday, January 06, 2009 5:22 PM
**To:** Salvadore Gutierrez
**Subject:** RE: Deyerler v. Georgia Pacific

Did you ever receive the checks in this matter?


Craig A. Ziolkowski
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Ph. (312) 641-1555
Fax (312) 641-3004

*Circular 230 Disclaimer:* Any statements contained in e-mails or other written communications from our firm (including this communication and any attachments) are not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s]. Taxpayers should seek advice based on their particular circumstances from an independent tax advisor.

*Confidentiality Notice:* This e-mail message (and its attachments) may contain information that is privileged and confidential. If you are not the intended recipient, you may not copy, distribute or use this information. Please reply to the sender immediately and delete the message.

---

**From:** Salvadore Gutierrez [mailto:sgutierrez@cvlo.com]
**Sent:** Friday, December 05, 2008 5:42 PM
**To:** Craig Ziolkowski
**Cc:** Allen D. Vaughan; Daniel F. Benevich
**Subject:** Deyerler v. Georgia Pacific

Craig,

When will plaintiffs receive payment in the above referenced case?
Salvador Gutierrez

Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
312-944-0600 ex. 107

1/14/2009